# Exhibit A

**2**

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT | DOCKET NO. 12-0377H |
|---|---|---|
| | COUNTY | SUFFOLK |
| | OF | |

| **PLAINTIFF(S)** Erika Black | **DEFENDANT(S)** Starbucks Corporation |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip<br>Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip<br>Phone Number (If Known) |
|---|---|
| Shannon Liss-Riordan, BBO #640716, Hillary Schwab, BBO #666029, Brant Casavant, BBO #672614, Claret Vargas, BBO #679565, Lichten & Liss-Riordan, P.C., 100 Cambridge Street, 20th Floor, Boston, MA 02114, 617-994-5800 | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)        TRACK          IS THIS A JURY CASE?

| B99 Other Tort (specify) - Fast Track | [  ] Yes   [ ✓ ] No |
|---|---|

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                                      $
2. Total doctor expenses                                                         $
3. Total chiropractic expenses                                                 $
4. Total physical therapy expenses                                          $
5. Total other expenses (describe)                            Subtotal $
B. Documented lost wages and compensation to date                  $
C. Documented property damages to date                                    $
D. Reasonably anticipated future medical expenses                     $
E. Reasonably anticipated lost wages and compensation to date
F. Other documented items of damages (describe)                       $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                Total $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                             TOTAL      $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Shannon Liss Riordan_        Date: 1/30/2012

A.O.S.C. 3-2007

**1**

COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**                                     **Superior Court**
                                                      **Civil Action No.** _____

| | |
|---|---|
| ERICKA BLACK | ) |
| and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| STARBUCKS CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*12-0377H*

**COMPLAINT**

## I.   INTRODUCTION

1.      This is a class action challenging Starbucks Corporation's policy of distributing to shift supervisors proceeds of tips left by customers.  This practice violates Massachusetts law.  The above-named plaintiff brings this action on behalf of herself and all similarly situated employees, namely all individuals who have worked as baristas at a Starbucks store in Massachusetts since March 18, 2011.[1] Plaintiffs allege that Starbucks' policy of including shift supervisors in its tip pool violates the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A.  In this action, the named plaintiff seeks restitution for herself and all other similarly situated

---

[1]      A prior case brought against Starbucks raising this same allegation was certified as a class action for the period of time three years prior to the filing of that complaint, until the Court's class certification order, March 18, 2011.  The court in that case ruled that Starbucks' policy of allowing shift supervisors to receive a share of the tip pool violated Massachusetts law.  See Matamoros et al. v. Starbucks Corporation, 2011 WL 1044654, *8 (D. Mass. Feb. 8, 2011), adopted by 2011 WL 1002740 (D. Mass. Mar. 18, 2011).  Since Starbucks has not changed its policy, this case has been brought for the class period beginning March 18, 2011.

employees who did not receive all tips to which they are entitled to have received under the law.

II.     **PARTIES**

2.      Plaintiff Ericka Black is an adult resident of Boston, Massachusetts. Ms. Black was employed as a Starbucks barista in Massachusetts from approximately July 2010 until August 2011.

3.      This is a class action that the above-named plaintiff brings on her own behalf and on behalf of all others similarly situated, namely all other individuals who work, or have since March 18, 2011, worked, as baristas for Starbucks in Massachusetts.

4.      Defendant Starbucks Corporation is an international corporation that has stores that sell coffee and other beverages, as well as food and other products, around the world, including in Massachusetts.

III.    **STATEMENT OF FACTS**

5.      Starbucks patrons leave a substantial amount of tips in containers located in all Starbucks stores.

6.      Starbucks distributes the proceeds of this tip money to its employees. The employees who receive proceeds of these tips include shift supervisors.

7.      Shift supervisors have managerial responsibilities, including supervising baristas, opening and closing stores, opening and closing cash registers, and administrative work.

8.    Because a portion of patrons' tips is distributed to shift supervisors, Starbucks baristas have not received the total proceeds of tips that are required to be paid to them.

## COUNT I

## MASSACHUSETTS TIPS LAW

Defendant's conduct, as set forth above, violates Mass. Gen. L. c. 149 § 152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action and order on behalf of the class restitution for all tips that have been distributed to shift supervisors.

Respectfully submitted,

ERICKA BLACK
and all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Brant Casavant, BBO # 672614
Claret Vargas, BBO #679565
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994 – 5800

DATED:   January 30, 2012

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 12-0377

Erika Black, and all others similarly _____ , Plaintiff(s)
    situated,

v.

Starbucks Corporation _____ , Defendant(s)

## SUMMONS

Starbucks Corporation, c/o Registered  Agent Prentice-Hall Corporation System, Inc.
84  State Street, Boston, Massachusetts 02109

To the above-named Defendant:

    You are hereby summoned and required to serve upon Shannon Liss-Riordan, Esq., Hillary Schwab, Esq., Brant Casavant, Esq., and Claret Vargas, Esq., Lichten & Liss-Riordan, P.C. plaintiff's attorney, whose address is 100 Cambridge St., 20th Fl, Boston, MA 02114 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness,  Barbara J. Rouse, Esquire, at Boston, the ___Twenty-Sixth___ day of ___April___ , in the year of our Lord two thousand ___Twelve___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 12-0377

Erika Black, and all others similarly situated , Plff(s).

v.

Starbucks Corporation

_____ , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)
(AFFIX FILING STAMP HERE)

'201

N.B.     TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Dated: _____ ,201___

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ ,201___ I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):